**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION**

| | |
|---|---|
| **MACROPOINT, LLC**<br><br>*Plaintiff*<br><br>*v*.<br><br>**RUIZ FOOD PRODUCTS, INC.**<br><br>*Defendant*. | Civil Action No.:<br><br>**JURY TRIAL DEMANDED** |

**COMPLAINT FOR PATENT INFRINGEMENT**

In this action for patent infringement, MacroPoint, LLC ("MacroPoint"), makes the following allegations against Ruiz Food Products, Inc. ("Ruiz").

**BACKGROUND**

1. MacroPoint is the exclusive owner of all right, title, and interest to United States Letters Patent No. 9,429,659 B1, entitled, "Machine or Group of Machines for Monitoring Location of a Vehicle or Freight Carried by a Vehicle" (the "'659 Patent") and United States Letters Patent No. 8,275,358 B1, entitled, "Providing Notice and Receiving Consent to Obtain Location Information of a Mobile Device" (the "'358 Patent").

2. MacroPoint designs, develops, markets and sells software products and services that facilitate location tracking and management of freight in transit.

3. MacroPoint seeks monetary damages for Ruiz's infringement and a permanent injunction prohibiting Ruiz from continuing to infringe the patents.

1

## PARTIES

4. MacroPoint is a limited liability company organized and existing under the laws of the State of Ohio, with a principal place of business at 6050 Oak Tree Boulevard, Suite 150, Cleveland, OH 44131. MacroPoint is a software and application developer that provides logistics-related solutions for operations such as location tracking, mobile communication, order updates, work activity updates, on-board diagnostic reporting, and text messaging.

5. Ruiz is a California corporation with a principal place of business in this judicial district at 2410 Texoma Drive, Denison, Texas 75020. Ruiz is a manufacturer and distributor of frozen foods. As a regular and substantial part of its day-to-day business operations, employees, agents, or contractors of Ruiz operate trucks or other vehicles to deliver freight that includes Ruiz's products to various distributors or retailers. Ruiz uses machines or groups of machines to monitor location of vehicles carrying freight of Ruiz or location of freight or location of both vehicles and freight as part of its day-to-day business operations.

## JURISDICTION AND VENUE

6. This Court has subject matter jurisdiction over this case pursuant to 28 U.S.C. §§ 1331 and 1338(a) because MacroPoint's action arises under the patent laws of the United States, 35 U.S.C. § 1, *et seq.* (the "Patent Act"), including § 271.

7. This Court has personal jurisdiction over Ruiz because, among other reasons, Ruiz has a substantial physical presence in this judicial district, regularly solicits and transacts business in this judicial district, engages in a persistent course of conducting business in this judicial district, derives substantial revenue from goods and services sold in this judicial district, and has committed and continues to commit acts of patent infringement in this judicial district.

8. Venue is proper in this judicial district under 28 U.S.C. §§ 1391 and 1400 because, among other reasons, Ruiz is subject to personal jurisdiction in this judicial district and has committed and continues to commit acts of patent infringement in this District.

## COUNT I

### Infringement of the '659 Patent

9. MacroPoint incorporates by reference the allegations in the foregoing paragraphs of this Complaint as though fully set forth herein.

10. On August 30, 2016, the United States Patent and Trademark Office duly and validly issued the '659 Patent for inventions covering technology that includes a machine or group of machines for monitoring location of at least one of a vehicle or freight carried by the vehicle. The examiner of the application that matured into the '659 Patent found that the inventions claimed in the '659 Patent were novel, non-obvious, useful, properly claimed, eligible to be patented, and met all the requirements of the Patent Act, including sections 101, 102, 103, and 112. The patent examiner made such findings over a pre-issuance protest initiated by one of MacroPoint's competitors.

11. Ruiz infringes at least claims 23, 24, 25, 27, 28, 29, and 30 of the '659 Patent. An accurate and correct copy of the '659 Patent is attached to this Complaint as Exhibit A and incorporated by reference.

12. The patented machine or group of machines comprises a server that includes a central processing unit, a memory, a clock, and a server communication transceiver.

13. The server communication transceiver receives location information of a mobile device that includes a global positioning system ("GPS") receiver, a microprocessor, and a wireless communication transceiver coupled to the GPS receiver.

14. The mobile device is programmed to receive data sent by a plurality of GPS satellites, calculate location information of the mobile device that includes the GPS receiver, and transmit the location information.

15. The central processing unit of the server is programmed to receive a request for information regarding the location of the vehicle or the freight carried by the vehicle, request location information of the vehicle or the freight carried by the vehicle from a location information provider; receive an indication that consent to transmission of location information has been given; receive location information of the vehicle or the freight carried by the vehicle from the location information provider; estimate the location of the vehicle or the freight carried by the vehicle from the location information received from the location information provider; and communicate the location of the vehicle or the freight carried by the vehicle.

16. In one variation of the patented machine or group of machines, the location of the vehicle or the freight carried is estimated based on a vehicle reference number or a freight reference number associated with the mobile device that includes the GPS receiver.

17. In another variation of the patented machine or group of machines, the location information provider corresponds to a device associated with at least one of a wireless service provider providing wireless service to the mobile device comprising the GPS receiver, a third party that obtains the location information of the mobile device comprising the GPS receiver from the wireless service provider providing wireless service to the mobile device comprising the GPS receiver, and a party that has access to the location information of the mobile device

comprising the GPS receiver but is other than the wireless service provider or the third party that obtains the location information of the mobile device comprising the GPS receiver from the wireless service provider.

18. In yet another variation of the patented machine or group of machines, the central processing unit is programmed to communicate the location of the vehicle or the freight carried by the vehicle to one or more of a freight service provider, a party to whom the freight service provider provides freight services, and a party that provides location information services to the freight service provider or to the party to whom the freight service provider provides freight services.

19. In still another variation of the patented machine or group of machines, the central processing unit receiving from the location information provider location information of the mobile device comprising the GPS receiver is the indication that consent to transmission of location information of the mobile device comprising the GPS receiver has been given.

20. In a further variation of the patented machine or group of machines, the location information of the mobile device comprising the GPS receiver is originally obtained using a method including a technique utilizing the GPS receiver that forms part of the mobile device comprising the GPS receiver.

21. In a still further variation of the patented machine or group of machines that is an addition to or an alternative to the variation described in paragraph 20 above, the location information of the mobile device comprising the GPS receiver is originally obtained using a method including a technique other than a technique utilizing the GPS receiver that forms part of the mobile device comprising the GPS receiver.

22.     Ruiz has been and is now directly infringing claim 23 of the '659 Patent, in this judicial district and elsewhere in the United States, by, among other things, using the machine or group of machines described in paragraphs 12 – 15 above, to monitor location of at least one vehicle carrying freight of Ruiz, freight of Ruiz carried by the vehicle, or both the vehicle and freight carried by the vehicle.

23.     At least one operator of a vehicle carrying freight of Ruiz carries a mobile device, such as a cellular telephone or tablet computer, during operation of such vehicle. That mobile device includes a GPS receiver, a microprocessor, and a wireless communication transceiver coupled to the GPS receiver. The GPS receiver of that mobile device is programmed to receive data sent by a plurality of GPS satellites, calculate location information of the mobile device comprising the GPS receiver and transmit the location information.

24.     Ruiz uses the machine or group of machines described in paragraphs 12 – 15 above to receive a request for information regarding the location of a vehicle carrying freight of Ruiz or freight carried by the vehicle, request location information of a vehicle carrying freight of Ruiz or freight carried by the vehicle from a location information provider such as an aggregator or cellular network provider or location information provider, receive an indication that consent to transmission of location information has been given by the operator, receive location information of a vehicle carrying freight of Ruiz or freight carried by the vehicle from the location information provider, estimate the location of a vehicle carrying freight of Ruiz or the freight carried by the vehicle from the location information received from the location information provider, and communicate the location of a vehicle carrying freight of Ruiz or the freight carried by the vehicle.

25. Additionally, Ruiz has been and is now directly infringing claim 24 of the '659 Patent, in this judicial district and elsewhere in the United States, by, among other things, using the machine or group of machines described in paragraphs 12 – 16 in the manner described in paragraph 24 to estimate the location of a vehicle carrying freight of Ruiz or freight carried by the vehicle based on a vehicle reference number or freight reference number associated with the mobile device carried by the operator of the vehicle carrying freight of Ruiz.

26. Ruiz has been and is now directly infringing claim 25 of the '659 Patent, in this judicial district and elsewhere in the United States, by, among other things, using the machine or group of machines described in paragraphs 12 – 15 and 17 above in the manner described in paragraph 24 above in connection with a location information provider that corresponds to either a wireless service provider providing wireless service to the mobile device comprising the GPS receiver carried by the operator of a vehicle carrying freight of Ruiz, a third party that obtains the location information of the mobile device comprising the GPS receiver from the wireless service provider providing wireless service to the mobile device comprising the GPS receiver carried by the operator of a vehicle carrying freight of Ruiz, or a party that has access to the location information of the mobile device comprising the GPS receiver carried by the operator of the vehicle carrying freight of Ruiz, but is other than the wireless service provider or the third party that obtains the location information of the mobile device comprising the GPS receiver from the wireless service provider.

27. Ruiz has been and is now directly infringing claim 27 of the '659 Patent, in this judicial district and elsewhere in the United States, by, among other things, using the machine or group of machines described in paragraphs 12 – 15 and 18 above in the manner described in paragraph 24 above to communicate the location of a vehicle carrying freight of Ruiz or the

freight carried by the vehicle to one or more of a freight service provider, a party to whom the freight service provider provides freight services, or a party that provides location information services to the freight service provider or to the party to whom the freight service provider provides freight services.

28. Ruiz has been and is now directly infringing claim 28 of the '659 Patent, in this judicial district and elsewhere in the United States, by, among other things, using the machine or group of machines described in paragraphs 12 – 15 and 19 above in the manner described in paragraph 24 above and in which receiving, from the location information provider, location information of the mobile device comprising the GPS receiver carried by the operator of a vehicle carrying freight of Ruiz is the indication that consent to transmission of location information of the mobile device comprising the GPS receiver has been given.

29. Ruiz has been and is now directly infringing claim 29 of the '659 Patent, in this judicial district and elsewhere in the United States, by, among other things, using the machine or group of machines described in paragraphs 12 – 15 and 20 above in the manner described in paragraph 24 above and in which the location information of the mobile device comprising the GPS receiver carried by the operator of a vehicle carrying freight of Ruiz is originally obtained using a method including a technique utilizing the GPS receiver that forms part of the mobile device comprising the GPS receiver.

30. Ruiz has been and is now directly infringing claim 30 of the '659 Patent, in this judicial district and elsewhere in the United States, by, among other things, using the machine or group of machines described in paragraphs 12 – 15 and 21 above in the manner described in paragraph 24 above in which the location information of the mobile device comprising the GPS receiver carried by the operator of a vehicle carrying freight of Ruiz is originally obtained using

a method including a technique other than a technique utilizing the GPS receiver that forms part of the mobile device comprising the GPS receiver.

31. Ruiz has committed these acts of infringement without license or authorization.

32. By engaging in the conduct described herein, Ruiz has injured MacroPoint and is thus liable for direct infringement of the '659 Patent under 35 U.S.C. § 271.

33. As a result of Ruiz's infringement of the '659 Patent, MacroPoint has been damaged and is entitled to a money judgment in an amount adequate to compensate for Ruiz's infringement, but in no even less than a reasonable royalty for the use made of the invention by Ruiz, together with interest and costs as fixed by the Court.

34. MacroPoint has suffered and will continue to suffer severe and irreparable harm unless this Court issues a permanent injunction prohibiting Ruiz, its agents servants, employees, representatives, and all others acting in active concert with Ruiz from infringing the '659 Patent.

## COUNT II

### Infringement of the '358 Patent

35. MacroPoint incorporates by reference the allegations set forth in the foregoing paragraphs of this Complaint as though fully set forth herein.

36. On September 25, 2012, the United States Patent and Trademark Office duly and validly issued the '358 Patent for inventions covering technology that includes a computer implemented method for receiving consent from a user of a mobile device to obtain location of the mobile device and a system for receiving consent from a user of a mobile device. The examiner of the application that matured into the '358 Patent found that the inventions claimed

in the '358 Patent were novel, non-obvious, useful, properly claimed, eligible to be patented, and met all the requirements of the Patent Act, including sections 101, 102, 103, and 112.

37. Ruiz infringes at least claims 1, 4, 19, and 22 of the '358 Patent. An accurate and correct copy of the '358 Patent is attached to this Complaint as Exhibit B and incorporated by reference.

38. The patented method of the '358 Patent for receiving consent from a user of a mobile device to obtain location information of the mobile device comprises participating in a telephone call with the mobile device, within the telephone call, identifying the mobile device at least in part by obtaining an identifier associated with the device, transmitting to the mobile device an automated voice message communicating to the user of the mobile device at least one of a notice including information indicating that consenting to the obtaining of the location information of the mobile device would result in the location information of the mobile device being disclosed, and a location at which to find the notice wherein the location at which to find the notice is represented by a web address corresponding to a website where, during the telephone call, the user can find the notice indicating to the user that consenting to the obtaining of the location information of the mobile device would result in the location information of the mobile device being disclosed; and receiving a signal from the mobile device during the telephone call a signal including data from the mobile device indicating consent for obtaining the location information of the mobile device.

39. In a variation of the patented method, receiving from the mobile device a signal including data indicating consent for obtaining the location information of the mobile device includes at least one of receiving data indicating that the user of the mobile device has performed an action on the mobile device; and receiving a voice command from the mobile device.

40. The '358 Patent also covers technology that includes a system for receiving user consent to obtain location information of a mobile device that comprises a communications interface configured to participate in a telephone call with the mobile device, a validation logic configured to, within the telephone call, identify the mobile device at least in part by obtaining an identifier associated with the device, a notification logic configured to communicate an automated voice message including at least one of a notice including information indicating to the user of the mobile device that consenting to the obtaining of the location information of the mobile device would result in the location information of the mobile device being disclosed, and a location at which to find the notice, wherein the location at which to find the notice is represented by a web address corresponding to a website where, during the telephone call, the user of the mobile device can find the notice including information indicating to the user of the mobile device that consenting to the obtaining of the location information of the mobile device would result in the location information of the mobile device being disclosed; wherein the communications interface is configured to transmit during the telephone call the automated voice message to the mobile device, and wherein the communications interface is further configured to, during the telephone call, receive from the mobile device data indicating the user consent for obtaining the location information of the mobile device.

41. In a variation of the patented system, the data indicating the user consent for obtaining the location information of the mobile device includes at least one of data indicating that an action was performed on the mobile device, and a voice command from the mobile device.

42. Ruiz has been and is now directly infringing claim 1 of the '358 Patent, in this judicial district and elsewhere in the United States, by, among other things, using the patented

method described in paragraph 38 above to receive consent from at least one operator of a vehicle carrying freight of Ruiz who is a user of a mobile device to obtain location information of the mobile device. Specifically, Ruiz participates in a telephone call with the mobile device. Within the telephone call, Ruiz identifies the mobile device at least in part by obtaining an identifier associated with the device. Ruiz transmits to the mobile device an automated voice message communicating to the operator of Ruiz's vehicle at least one of a notice including information indicating that consenting to the obtaining of the location information of the mobile device would result in the location information of the mobile device being disclosed, and a location at which to find the notice wherein the location at which to find the notice is represented by a web address corresponding to a website where, during the telephone call, the user can find the notice indicating to the user that consenting to the obtaining of the location information of the mobile device would result in the location information of the mobile device being disclosed. Ruiz receives a signal from the mobile device during the telephone call that includes data from the mobile device indicating consent for obtaining the location information of the mobile device.

43. Ruiz has been and is now directly infringing claim 4 of the '358 Patent, in this judicial district and elsewhere in the United States, by, among other things, using the patented method described in paragraphs 38 and 39 above to receive consent from at least one operator of one of its vehicles who is a user of a mobile device to obtain location information of the mobile device by , receiving from the mobile device a signal including data indicating consent for obtaining the location information of the mobile device by at least one of receiving data indicating that the user of the mobile device has performed an action on the mobile device; and receiving a voice command from the mobile device.

44. Ruiz has been and is now directly infringing claim 19 of the '358 Patent, in this judicial district and elsewhere in the United States, by, among other things, using the patented system for receiving user consent to obtain location information of a mobile device described in paragraph 40 above by using a system that comprises a communications interface configured to participate in a telephone call with the mobile device carried by an operator of one of a vehicle carrying freight of Ruiz, a validation logic configured to, within the telephone call, identify the mobile device at least in part by obtaining an identifier associated with the device, a notification logic configured to communicate an automated voice message including at least one of a notice including information indicating to the user of the mobile device that consenting to the obtaining of the location information of the mobile device would result in the location information of the mobile device being disclosed, and a location at which to find the notice, wherein the location at which to find the notice is represented by a web address corresponding to a website where, during the telephone call, the user of the mobile device can find the notice including information indicating to the user of the mobile device that consenting to the obtaining of the location information of the mobile device would result in the location information of the mobile device being disclosed; wherein the communications interface is configured to transmit during the telephone call the automated voice message to the mobile device, and wherein the communications interface is further configured to, during the telephone call, receive from the mobile device data indicating the user consent for obtaining the location information of the mobile device.

45. Ruiz has been and is now directly infringing claim 22 of the '358 Patent, in this judicial district and elsewhere in the United States, by, among other things, using the patented system for receiving user consent to obtain location information of a mobile device described in

paragraph 41 above by using a system as described in paragraph 44 wherein the data indicating the user consent for obtaining the location information of the mobile device includes at least one of data indicating that an action was performed on the mobile device, and a voice command from the mobile device.

46. Ruiz has committed these acts of infringement without license or authorization.

47. By engaging in the conduct described herein, Ruiz has injured MacroPoint and is liable for infringement of the '358 Patent under 35 U.S.C. § 271.

48. As a result of Ruiz's infringement of the '358 Patent, MacroPoint has been damaged and is entitled to a monetary judgment in an amount adequate to compensate for Ruiz's infringement, but in no even less than a reasonable royalty for the use made of the invention by Ruiz, together with interest and costs as fixed by the Court.

49. MacroPoint has suffered and will continue to suffer sever and irreparable harm unless this Court issues a permanent injunction prohibiting Ruiz, its agents servants, employees, representatives, and all others acting in active concert with Ruiz from infringing the '358 Patent.

## PRAYER FOR RELIEF

WHEREFORE, MacroPoint respectfully requests the following relief from this Court:

A. A judgment in favor of MacroPoint that Ruiz has infringed at least one claim of each of the '659 Patent and the '358 Patent;

B. A permanent injunction enjoining Ruiz and its officers, employees, servants, agents, divisions. branches, subsidiaries, parents, and all others acting in active concert with Ruiz from infringing any claim of either the '659 Patent or the '358 Patent, or such other equitable relief the Court determines is warranted;

C. A judgment and order requiring Ruiz to pay MacroPoint its damages, costs, expenses, and both pre-judgment and post-judgment interest for Ruiz's infringement of the patents as provided by 35 U.S.C. § 284;

D. A judgment and order requiring Ruiz to provide an accounting and to pay supplemental damages to MacroPoint, including without limitation, pre-judgment and post-judgment interest; and

E. Any and all other relief to which MacroPoint may be entitled.

Respectfully submitted,

_____
Michael C. Smith (TX #18650410)
**SIEBMAN, BURG, PHILLIPS & SMITH, LLP**
113 East Austin Street
P.O. Box 1556
Marshall, TX 75671
Telephone: (903) 938-8900
Facsimile: (972) 767-4620
michaelsmith@siebman.com


Arthur P. Licygiewicz (OH #0068458)
Wayne M. Serra (OH #0074780)
**THOMPSON HINE LLP**
3900 Key Center
127 Public Square
Cleveland, Ohio 44114
Telephone: (216) 566-5500
Facsimile: (216) 566-5800
Art.Licygiewicz@thompsonhine.com
Wayne.Serra@thompsonhine.com


*Attorneys for Plaintiff MacroPoint, LLC*

## DEMAND FOR JURY TRIAL

Plaintiff MacroPoint, LLC demands a trial by jury pursuant to Rule 38 of the Federal Rules of Civil Procedure on all issues triable to a jury.

                        Respectfully submitted,

                        Michael C. Smith