**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION**

|  |  |  |
|---|---|---|
| **MACROPOINT, LLC**  *Plaintiff*  vs.  **RUIZ FOOD PRODUCTS, INC.**  *Defendant* | § § § § § § § § § § § § | **CASE NO. 6:16CV1133-RWS-KNM** |

**SCHEDULING ORDER**

The above-style case has been assigned to the undersigned. As such, the Court orders the parties to appear for a scheduling/status conference on **January 12, 2017 at 10:00 a.m**. In addition, the parties are to submit an up-to-date Docket Control Order and Discovery Order <u>taken from the undersigned's website</u> no later than 9:00 a.m. ten days prior to the above date.[1] The parties shall also submit an agreed order related to the discovery and production of electronically stored information (ESI),[2] and a Protective Order.[3] If the parties cannot agree to the terms of the Discovery Order, Docket Control Order, and any issues related to ESI and/or Protective Order, the parties may submit their disputes by the deadline outlined above.[4]

---

[1] Consent to the undersigned will be discussed at the scheduling conference. Counsel is encouraged to discuss consent with their clients prior to the scheduling conference. The parties may refer to the Court's website for a consent form. If all parties execute the consent form and submit it and the above-referenced documents by the date outlined above, the parties will not be required to attend the scheduling/status conference.
[2] Parties may refer to Appendix B of the Local Rules (Model Order Regarding E-Discovery in Patent Cases) as a starting point.
[3] The parties may refer to the Court's website for a sample protective order.
[4] In the event that the parties do not believe issues regarding ESI or protective orders will arise, the parties need not submit such documents, but shall notify the Court that such orders will not be necessary.

The following dates shall be incorporated into the Docket Control Order:

| | |
|---|---|
| **Markman** | September 28, 2017 at 9:00 a.m. before Judge K. Nicole Mitchell; |
| **Dispositive Motion Deadline** | January 25, 2018; |
| **Dispositive Motion Hearing** | May 24, 2018 at 9:00 a.m. before Judge K. Nicole Mitchell; |
| **Pre-Trial Conference** | September 11, 2018 at 9:00 a.m. before Judge K. Nicole Mitchell; |
| **Jury Selection** | September 17, 2018 at 9:00 a.m. before Judge Robert W. Schroeder; and |
| **Jury Trial** | September 24, 2018 at 9:00 a.m. before Judge Robert W. Schroeder. |

In addition, on the date the Docket Control Order, Discovery Order, ESI Order and Protective Order are due, the parties shall submit the name of an agreed mediator, or in the alternative, competing proposals for mediators or a reason why this case would not benefit from mediation. Further, if Plaintiff intends to file additional related cases, it shall file a notice indicating as such by the same deadline.

The Court further **ORDERS** as follows:

1. Unrepresented parties are bound by the requirements imposed upon counsel in this order.

2. Counsel must file with the clerk within fifteen days from receipt of this order a certificate listing all persons, associations of persons, firms, partnerships, corporations, affiliates, parent corporations, or other entities that are financially interested in the outcome of this litigation. If a group can be specified by a general description, individual listing is not necessary. <u>Underline the name of each corporation whose securities are publicly traded</u>. If new parties are added or if additional persons or entities that are financially interested in the outcome of the litigation are identified at any time during the pendency of this litigation, then each counsel must promptly file an amended certificate with the clerk.

3. Absent agreement, depositions of witnesses will not be taken until after the scheduling conference. Following the conference, the Court will enter a Docket Control Order and Discovery Order establishing parameters of discovery and setting deadlines controlling disposition of the case.

4. The use of fictitious names is disfavored by federal courts. *Doe v. Blue Cross & Blue Shield*, 112 F.3d 869 (7th Cir. 1997). Notice is given that the Court will enter an order dismissing all fictitious parties, if any, following the Scheduling Conference. Dismissal is without prejudice to take advantage of the provisions of Federal Rule of Civil Procedure 15(c).

5. Plaintiff's counsel must immediately notify the Court upon settlement.

6. Failure to comply with this order invites sanctions, including, as appropriate, dismissal of the action or default judgment and assessment of fees and costs. *See* Fed. R. Civ. P. 16(f).

So ORDERED and SIGNED this 21st day of November, 2016.

_____
K. NICOLE MITCHELL
UNITED STATES MAGISTRATE JUDGE