**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION**

| | |
|---|---|
| **MACROPOINT, LLC,**  *Plaintiff,*  v.  **RUIZ FOOD PRODUCTS, INC.,**  *Defendant*. | Civil Action No.: 6:16-cv-01133-RWS-KNM |

**MACROPOINT, LLC'S OPPOSITION TO DEFENDANT'S MOTION TO TRANSFER
OR, IN THE ALTERNATIVE, STAY PENDING RELATED LITIGATION**

## **TABLE OF CONTENTS**

Page

I.   INTRODUCTION ........................................................................................................... 1

II.   FACTUAL BACKGROUND........................................................................................... 2

III.   LAW AND ARGUMENT ............................................................................................... 3

    A.   The First-to-File Rule Compels Maintenance of the Action in Texas. ........................ 3

    B.   Considerations of Section 1404 Favor Maintenance of the Action in Texas. .............. 4

        1.   No Legitimate Judicial Economy Factor Exists. ..................................................... 5

        2.   Ease of Access to Sources of Proof. ........................................................................ 7

        3.   Availability of Compulsory Process ........................................................................ 8

        4.   The Cost of Attendance for Witnesses. ................................................................... 9

        5.   The Public Interest Factors. ................................................................................... 10

    C.   The Motion to Stay, in the Alternative, Should be Denied......................................... 10

        1.   The Customer-Suit Exception Does Not Apply. ................................................... 11

        2.   A Discretionary Stay Should be Denied................................................................ 12

IV.   CONCLUSION............................................................................................................... 13

## TABLE OF AUTHORITIES

**Page(s)**

**Federal Cases**

*Affymetrix, Inc. v. Synteni, Inc.*,
  128 F. Supp. 2d 192 (D. Del. 1998) .......................................................................... 6

*Cadle Co. v. Whataburger of Alice, Inc.*,
  174 F.3d 599 (5th Cir. 1999) ..................................................................................... 3

*Electronics for Imaging, Inc. v. Coyle*,
  394 F.3d 1341 (Fed. Cir. 2005) ................................................................................. 4

*In re EMC Corp.*,
  501 F. App'x 973 (Fed. Cir. 2013) ............................................................................ 5

*In re Genentech, Inc.*,
  566 F.3d 1338 (Fed. Cir. 2009) ................................................................................. 7

*Hoffman v. Blaski*,
  363 U.S. 335 (1960) .................................................................................................. 6

*In re Hoffman-La Roche, Inc.*,
  587 F.3d 1333 (Fed. Cir. 2009) ............................................................................... 10

*Innovative Automation, LLC v. Audio Video & Video Labs, Inc.*,
  No. 6:11-CV-234 LED-JDL, 2012 U.S. Dist. LEXIS 114503
  (E.D. Tex. May 30, 2012) ............................................................................ 3, 7, 8, 12

*Landis v. N. Am. Co.*,
  299 U.S. 248 (1936) ................................................................................................ 10

*McCuin v. Tex. Power & Light Co.*,
  714 F.2d 1255 (5th Cir. 1983) ................................................................................... 7

*Merial Ltd. v. Cipla Ltd.*,
  681 F.3d 1283 (Fed. Cir. 2012) ................................................................................. 3

*Soverain Software LLC v. Amazon.com, Inc.*,
  356 F. Supp. 2d 660 (E.D. Tex. 2005) ............................................................... 10, 11

*Sutter Corp. v. P& P Indus., Inc.*,
  125 F.3d 914 (5th Cir. 1997) ..................................................................................... 4

*Tegic Commc'n Corp. v. Board of Regents of Tex. Univ. of Tex. Sys.*,
  458 F.3d 1335 (Fed. Cir. 2006) ............................................................................... 11

*Texas Data Co., L.L.C. v. Target Brands, Inc.*,
   771 F. Supp. 2d 630 (E.D. Tex. 2011) ................................................................................. 4, 5

*Texas Instruments, Inc. v. Micron Semiconductor, Inc.*,
   815 F. Supp. 994 (E.D. Tex. 1993) ........................................................................................... 3

*In re Volkswagen of Am., Inc.*,
   545 F.3d 304 (5th Cir. 2008) ................................................................................................ 4, 5

*Waste Distillation Tech. v. Pan Am. Res.*,
   775 F. Supp. 759 (D. Del. 1991) ............................................................................................... 6

**Federal Statutes**

28 U.S.C. § 1404(a) ................................................................................................. *passim*

35 U.S.C. § 271 ........................................................................................................................ 12

35 U.S.C. § 271(a) ................................................................................................................... 11

35 U.S.C. § 282 ........................................................................................................................ 12

**Other Authorities**

17 James Wm. Moore, *et al.* Moore's Federal Practice § 111.12[3] (3d ed. 2016) ......................... 6

**I.       INTRODUCTION**

Defendant Ruiz Food Products, Inc. ("Ruiz Foods") seeks to transfer the case from this Court, which undeniably can exercise personal jurisdiction over it and in which venue is proper, to a location in which Ruiz Foods does not even have a physical presence and is not registered to do business. Ruiz Foods then incongruously proceeds to accuse MacroPoint of "forum shopping." What Ruiz Foods mischaracterizes as forum shopping is expressly permitted under the law, namely, the right of a party to choose a venue that is statutorily authorized and consistent with the Civil Rules. What is not permitted, however, is "judge shopping," which is exactly what Ruiz Foods seeks to accomplish through its Motion to Transfer or, in the Alternative, Stay Pending Related Litigation ("Motion to Transfer").

Ruiz Foods cannot dispute that it is subject to personal jurisdiction in Texas, or that MacroPoint, LLC's ("MacroPoint") action could have been brought in this Court. Rather, Ruiz Foods wants to overrule MacroPoint's choice of forum under 28 U.S.C. § 1404(a), on the purported grounds that (1) previously there was an action in the United States District Court for the Northern District of Ohio (now on appeal) between MacroPoint and a defendant not a party to this case and involving different patents; albeit on the same type of technology, and (2) that same third party, more than two months *after* MacroPoint filed this case, filed a declaratory judgment action for patent invalidity and non-infringement against MacroPoint on the same patents that are at issue in this case. The fact remains, however, that MacroPoint was undeniably the first to file, and under well-settled Fifth Circuit caselaw, its choice of forum should not be disturbed.

Ruiz Foods has failed to meet its substantial burden to prove that the private and public interest factors weigh in favor of a convenience transfer pursuant to 28 U.S.C.§ 1404(a). Ruiz

Foods also has failed to show that the proceedings should be stayed as an exception to the first-to-file rule. Accordingly, Ruiz Foods' Motion to Transfer should be denied.

## II.   FACTUAL BACKGROUND

MacroPoint filed this action for infringement of United States Patent No. 9,429, 659 (the "'659 Patent") and United States Patent No. 8,275,358 (the "'358 Patent") (collectively, the "Patents") on August 30, 2016. [ECF No. 1]. While Ruiz Foods is headquartered in California, it also has a manufacturing facility in Denison, Texas, which is located in the Eastern District of Texas. [ECF No. 13 at 3]. Ruiz Foods ships food products from this facility throughout the United States. [*Id*.]. The company also monitors the locations of vehicles and food products shipped from its Denison, Texas facility through freight monitoring software it acquired. [*Id*. at 3 – 4]. Ruiz Foods, however, has no offices in Ohio. [*See* ECF No. 13 at 3]. It is not even registered to do business in the state. [*See* Exhibit A - Declaration of James Fisher at ¶ 2].

On November 4, 2016, more than two (2) months ***after*** MacroPoint filed the present action, a company by the name FourKites, Inc. ("FourKites"), which competes with MacroPoint in providing freight monitoring software to customers throughout the United States, filed an action against MacroPoint in the Northern District of Ohio, Case No. 1:16-cv-02703-CAB, seeking a declaratory judgment that the Patents are invalid and not infringed, and also asserting claims for false advertising; false affiliation, connection or association under the Lanham Act; tortious interference; and deceptive trade practices under Ohio law. In addition, MacroPoint and FourKites are involved in an appeal at the Federal Circuit, Case No. 16-1286, in which MacroPoint appealed the dismissal by a different judge in the Northern District of Ohio of a previous patent infringement action that it brought against FourKites – Case No. 15-cv-1002. The patents at issue in the prior Ohio case and on appeal are not the same patents that MacroPoint is asserting against Ruiz Foods in this infringement action.

2

On November 21, 2016, this Court entered a Scheduling Order, setting dates for the scheduling conference, the *Markman* hearing, and the trial. [ECF No. 17]. The current case in Ohio, however, has not proceeded at all since FourKites filed its claims for declaratory judgment. MacroPoint's response to the complaint is not due until January 4, 2017. [*See* Exhibit B]. No other dates have been set in that case. By that time, MacroPoint already will have served its infringement contentions in this case pursuant to the Court's recent order. [*See id.*].

## III. LAW AND ARGUMENT

### A. The First-to-File Rule Compels Maintenance of the Action in Texas.

There is no dispute that this patent infringement action against Ruiz Foods was filed about two months *before* a declaratory judgment action involving the Patents was filed against MacroPoint by a different party in Ohio. The first-to-file rule is a well-established doctrine of comity among federal courts. *Texas Instruments, Inc. v. Micron Semiconductor, Inc.*, 815 F. Supp. 994, 997 (E.D. Tex. 1993). It provides that when actions involving similar parties and issues are filed in two different courts, the court in which the first suit was filed should proceed to judgment. *Id.* When two actions that sufficiently overlap are filed in different federal district courts, one for infringement and the other for declaratory relief, the declaratory judgment action, if filed later, generally is to be stayed, dismissed, or transferred to the forum of the infringement action. *Merial Ltd. v. Cipla Ltd.*, 681 F.3d 1283, 1299 (Fed. Cir. 2012).

In determining whether to apply the first-to-file rule, the court must consider two factors: 1) whether the actions involve substantially similar issues; and 2) which of the two courts should hear the case. *Texas Instruments, Inc.*, 815 F. Supp. at 997. "As to the first inquiry, all that need be present is that the two actions involve closely related questions or common subject matter, or that the core issues substantially overlap. The cases need not be identical to be duplicative." *Id.* Moreover, complete identity of the parties is not necessary. *Innovative Automation, LLC v.*

3

*Audio Video & Video Labs, Inc.*, No. 6:11-CV-234 LED-JDL, 2012 U.S. Dist. LEXIS 114503, at *30 (E.D. Tex. May 30, 2012) (citing *Cadle Co. v. Whataburger of Alice, Inc.*, 174 F.3d 599, 603 (5th Cir. 1999)). As to the second factor, "[t]he Fifth Circuit adheres to the general rule that the court in which an action is first filed is the appropriate court to determine whether subsequently filed cases involving substantially similar issues should proceed." and "whether the second suit filed must be dismissed, stayed or transferred and consolidated." *Sutter Corp. v. P& P Indus., Inc.,* 125 F.3d 914, 920 (5th Cir. 1997) (internal quotations omitted).

Ruiz Foods completely fails to recognize, or even mention, the first-to-file rule, but it compels maintenance of this action in Texas. MacroPoint filed the present action for infringement of the Patents more than two months before FourKites filed its action against MacroPoint in Ohio seeking a declaratory judgment that the Patents are not infringed by Four Kites, are invalid and are unenforceable. Even though Ruiz Foods is not a party to the Ohio action and was not referred to in the action, both cases involve the common subject matter of the '659 Patent and the '358 Patent. As this action was filed first, and the two cases involve the same Patents, the first-to-file rule requires that this Court maintain the action and deny the Motion to Transfer.

      **B.**      **Considerations of Section 1404 Favor Maintenance of the Action in Texas.**

In patent cases, the courts apply "the general rule favoring the forum of the first-filed case, 'unless considerations of judicial and litigant economy, and the just and effective disposition of disputes, requires otherwise.'" *Electronics for Imaging, Inc. v. Coyle*, 394 F.3d 1341, 1347 (Fed. Cir. 2005). Here, the consideration of 28 U.S.C. § 1404(a) counsels that this action should be maintained in Texas. For a transfer to be proper, the moving party must show "good cause" to transfer, and this ***"significant burden"*** is met when the moving party shows that "the transferee venue is ***clearly*** more convenient" than the chosen forum. *Texas Data Co.,*

4

*L.L.C. v. Target Brands, Inc.*, 771 F. Supp. 2d 630, 639 (E.D. Tex. 2011) (quoting *In re Volkswagen of Am., Inc.*, 545 F.3d 304, 314 (5th Cir. 2008) (emphasis supplied)).

When determining if transfer is appropriate under Section 1404(a), courts in this district "consider[] several private and public interest factors, none of which are given dispositive weight." *Texas Data*, 771 F. Supp. 2d at 639. Private interests are "(1) the relative ease of access to sources of proof; (2) the availability of compulsory process to secure the attendance of witnesses; (3) the cost of attendance for willing witnesses; and (4) all other practical problems that make trial of a case easy, expeditious and inexpensive." *Id.* (citing *Volkswagen*, 545 F.3d at 315). The public interests are: "(1) the administrative difficulties flowing from court congestion; (2) the local interest in having localized interests decided at home; (3) the familiarity of the forum with the law that will govern the case; and (4) the avoidance of unnecessary problems of conflict of laws [in] the application of foreign law." *Id.* It is not enough to justify transferring this case from a plaintiff's chosen forum if even a factor or two weigh in favor of transfer. *See Texas Data*, 771 F. Supp. 2d at 639 ("The court's analysis in *Volkswagen II* reflected the importance of the plaintiff's choice of venue, as the court issued a writ of mandamus to transfer venue in that case only after it found that four of the eight *Gilbert* factors weighed in favor of transfer and no factors weighed against transfer.").

Here, the private and public interests support maintaining the action here in the Eastern District of Texas. Ruiz Foods has not met its significant burden of proving that the balance of factors weighs strongly in favor of transfer and that the transferee district is clearly more convenient.

    1.    <u>No Legitimate Judicial Economy Factor Exists.</u>

The law requires that motions to transfer "be decided based on the situation which existed when suit was instituted," not the situation as the time when the court rules. *In re EMC Corp.*,

5

501 F. App'x 973, 976 (Fed. Cir. 2013) (internal citations omitted). As such, considerations of judicial economy arising after the filing of a suit are not weighed a part of the transfer analysis. *Id.* Here, because the FourKites action against MacroPoint was not pending at the time that the present case was filed, it cannot be considered as part of the judicial economy analysis. Without the current Ohio case as part of the analysis, Ruiz Foods has no support for its argument that judicial economy weighs in favor of transfer.[1]

While a court may transfer an action under 28 U.S.C. § 1404(a), "[f]or the convenience of parties and witnesses, in the interest of justice . . . to any other district or division where [the action] might have been brought," as the Supreme Court has noted, the transferee district must have been able to assert personal jurisdiction over the defendant independent of the defendant's consent. *See Hoffman v. Blaski*, 363 U.S. 335, 343-44 (1960); *Affymetrix, Inc. v. Synteni, Inc.*, 128 F. Supp. 2d 192, 194 n.1 (D. Del. 1998). The moving party bears the burden of proving that the action "properly could have been brought in the first instance in the transferee district." 17 James Wm. Moore, *et al.* Moore's Federal Practice § 111.12[3] (3d ed. 2016) (citing *Waste Distillation Tech. v. Pan Am. Res.*, 775 F. Supp. 759, 762 (D. Del. 1991)). Ruiz Foods has not met this burden. The assertions of patent infringement in this case are not based on Ruiz Foods' engagement of or relationship with distributors in Ohio. [*See* ECF No. 1 at 6-9; 11-14]. Ruiz Foods has neither a physical presence in Ohio nor a registration to do business in Ohio. [ECF

---

[1] Even if the current Ohio case is considered as part of the judicial economy analysis, it does not weigh in favor of transfer. The current Ohio case involves different patents (and hence different patent claims) than the prior Ohio case that is now on appeal. In fact, the '358 Patent has no familial relationship whatsoever to any of the prior patents at issue. [*See* ECF No. 1 at Exhibit B]. And, while the '659 Patent is related to prior patents, the claims of the '659 Patent are distinct and independent of the other patent claims. [*See* ECF No. 1 at Exhibit A]. Moreover, the current Ohio case, is presently pending before a different judge than the prior case between MacroPoint and Four Kites, or even the first case that MacroPoint had brought for infringement of any of its patents. *See* fn. 2.

No. 13 at 3; Exhibit A at ¶ 3]. Further, it does not appear that Ruiz Foods has ever been sued in the state or federal court in Ohio or has ever brought suit against another party in any courts in Ohio. [Exhibit A at ¶4]. In fact, even though it could have been, Ruiz Foods is not a party to the declaratory judgment action in Ohio. [ECF No. 13 at Exhibit G].

Moreover, Ruiz Foods' argument that judicial economy is a reason to transfer this action to Ohio is nothing more than an attempt at judge shopping to move this litigation into a specific court to try to take advantage of the rulings by a specific judge in one of the prior cases filed in Ohio. Judge shopping, however, is not permitted in this Circuit. In a prior case arising out of the Tyler Division of the Eastern District of Texas, the Fifth Circuit held in no uncertain terms that while forum shopping is permissible, judge shopping is not, holding that "parties clearly have no right to a judge of their choice." *McCuin v. Tex. Power & Light Co.*, 714 F.2d 1255, 1261-62 (5th Cir. 1983). Ruiz Foods cannot simply disguise its attempt at judge shopping under the claim that judicial economy favors transfer.[2]

        2.        <u>Ease of Access to Sources of Proof.</u>

In determining access to sources of proof, the Federal Circuit has opined that courts must assume that the majority of relevant evidence will come from the accused infringer. *In re Genentech, Inc.,* 566 F.3d 1338, 1345 (Fed. Cir. 2009). As a result, the location where the defendant's documents are kept is taken into account when determining a motion to transfer.

---

[2] In the current Ohio case, FourKites has moved to transfer the Ohio case to the same judge who provided FourKites with a favorable decision on the other MacroPoint patents in Case No. 1:15-cv-1002. However, what Ruiz Foods failed to tell this Court is that the prior case between MacroPoint and FourKites was not the only case that was previously filed asserting infringement of MacroPoint patents in the U.S. District Court for the Northern District of Ohio. Prior to the FourKites case that is currently on appeal, MacroPoint sued Salebug.com, LLC and Pegasus TransTech Corporation in the same Ohio court (Case No. 1:14-cv-00312). That case was assigned to yet a different third judge in the Northern District of Ohio. FourKites, however, did not seek to transfer its case to that other judge. Hence, Ruiz Food's argument for judicial economy is either a misleading and thinly veiled judge shopping attempt or pure speculation.

7

*Innovative Automation*, 2012 U.S. Dist. LEXIS 114503, at *23. Here, Ruiz Foods indicates that its principal place of business is in Dinuba, California. [ECF No. 13 at 3]. Ruiz Foods also has a manufacturing facility from which it ships food products in Denison, Texas, which is located in this judicial district. [*Id*.]. And because the Patents are directed to monitoring the locations of a vehicle or freight carried by a vehicle, and providing consent to obtain location information for such vehicles or freight, it is plain that shipments that are made from Ruiz Foods' facility in Denison, Texas would be relevant to, and that information concerning those shipments could demonstrate infringement of, the Patents. Thus, it would be fair to assume that responsive information from Ruiz would come from both California and Texas. There is at least some evidence relative to Ruiz Foods' infringement of the Patents located in this judicial district. Thus, this factor does not favor transfer.

Furthermore, Ruiz Foods' argument that the bulk of the evidence will come from FourKites is inapposite. FourKites, which is located in Chicago, Illinois, is not a party to this case. Its location is not relevant to the venue analysis. Even taking into account FourKites' location, access to FourKites' evidence does not favor transfer since it is located outside of both the Eastern District of Texas and the Northern District of Ohio.

        3.        <u>Availability of Compulsory Process.</u>

This factor will weigh in favor of transfer if the majority of non-party witnesses are located in the venue to which the defendant has moved to transfer. *Innovative Automation*, 2012 U.S. Dist. LEXIS 114503, at *26. Ruiz Foods insists that the majority of non-party witnesses who will testify will be FourKites witnesses. [ECF No. 13 at 10]. As noted above, Four Kites is located in Chicago, Illinois – not in the venue to which Defendant has requested transfer. If Ruiz Foods' contention is true, then the Northern District of Ohio does not have absolute subpoena power over the majority of the non-party witnesses. In fact, the only third-party witness over

8

which the Northern District of Ohio would have such power is the prosecuting attorney of the Patents. On the other hand, any shippers that pick up freight from Ruiz Foods' Denison, Texas facility and would have information concerning Ruiz Foods' monitoring of vehicle or freight locations, or about providing consent to obtain location information likely would be within the subpoena power of this Court for purposes of trial. Thus, this factor also does not weigh in favor of transfer.

### 4. The Cost of Attendance for Witnesses.

The cost of attendance for witnesses likewise does not weigh in favor of transfer. Just as Ruiz Foods' evidence is in Texas, or closer to Texas than Ohio, so are its witnesses. This forum is absolutely more convenient for any employees of the Ruiz Foods facility in Denison, Texas that may testify at trial. Any difference in convenience regarding travel between California and Tyler, Texas or Cleveland, Ohio that Ruiz Foods claims for its employees in California is in practice minimal at best. Witnesses readily could fly to both locations and in both cases would likely not be able to avoid overnight stays. Furthermore, any claim that MacroPoint witnesses will be inconvenienced in Texas is mooted by the fact that MacroPoint selected this forum.

The idea that the FourKites witnesses, whom Ruiz Foods claims will be the majority of its witnesses, would be able to fly in and out of the trial location in one day is simply unrealistic. In reality, it is far more likely that interested witnesses would arrive at the location of the trial at least the day before their testimony so that they can prepare with counsel. Whether the trial is in Cleveland, Ohio or Tyler, Texas, any FourKites witness would likely not be able to avoid overnight stays. Thus, the convenience of attendance for potential FourKites witnesses is not distinct enough to weigh in favor of transfer.

At best, this factor is neutral in the transfer analysis.

       5.      The Public Interest Factors.

The public interest factors also are neutral at best. Both this Court and the Northern District of Ohio have the same type of interest in protecting patent rights in the United States. While the Northern District of Ohio may have some interest in resolution of this case, the people of East Texas also would have a vested interest in the outcome of this case. Ruiz Foods has a manufacturing facility in this district from which it ships products that are monitored in a manner that violates the Patents. As Ruiz Foods' points out, "the local interest factor is strong when 'the cause of action calls into question the work and reputation of several individuals residing in or near that district and who presumably conduct business in that community.'" [ECF No. 13 at 13, citing *In re Hoffman-La Roche, Inc.,* 587 F.3d 1333, 1336 (Fed. Cir. 2009)]. Here, the shipping activities of Ruiz Foods in Denison, Texas are at least called into question by this patent infringement lawsuit. Thus, the local interest in the Eastern District of Texas is at least as strong as the local interest in the Northern District of Ohio. As Ruiz Foods point out, the remaining public interest factors are neutral and have no weight in the transfer analysis.

Ruiz Foods has not met its significant burden of proving that the balance of private and public interest factors weighs strongly in favor of transfer and that the transferee district is clearly more convenient. Ruiz Foods thus cannot override MacroPoint's choice of forum. MacroPoint's choice of forum should remain undisturbed and the Motion to Transfer must be denied.

    **C.**    **The Motion to Stay, in the Alternative, Should be Denied.**

While it is true that a district court has the inherent authority to stay proceedings as part of its power to control the disposition of causes on its docket, a stay is not appropriate in this case. *See Landis v. N. Am. Co.,* 299 U.S. 248, 254 (1936). Moreover, while the court in *Soverain Software LLC v. Amazon.com, Inc.*, 356 F. Supp. 2d 660 (E.D. Tex. 2005) did set forth

factors that a court should consider in determining whether to impose a stay in the context of a stay pending proceeding before the U.S. Patent and Trademark Office, even those factors favor proceeding with this matter, not staying it. If this case is stayed, MacroPoint would be prevented from protecting itself against a direct infringement of the Patents by a direct infringer – Ruiz Foods – which it is entitled to do under 35 U.S.C. § 271(a). *Soverain* certainly does not stand for the proposition that the "first to file rule" should be ignored and a case stayed under the circumstances of this case. As previously discussed, *see supra* Section III.A., the first-to-file rule requires this action to remain in this Court, and such a finding is not affected by the customer-suit exception.

1. <u>The Customer-Suit Exception Does Not Apply.</u>

Ruiz Foods asserts that the so-called "customer-suit exception" to the first-to-file rule applies and justifies overriding MacroPoint's choice of forum. Ruiz Foods is wrong. The customer-suit exception is a very narrow exception to the first-to-file rule in patent cases. In determining whether to apply the customer-suit exception, a court must apply the principles of efficiency and judicial economy and consider three relevant factors: (1) whether the customer in the earlier filed suit is merely a reseller; (2) whether the customer agrees to be bound by any decision in favor of the patent owner; and (3) whether the manufacturer is the only source of the infringing product. *Tegic Commc'n Corp. v. Board of Regents of Tex. Univ. of Tex. Sys.*, 458 F.3d 1335, 1343 (Fed. Cir. 2006).

When the relevant factors are considered in the present case, it is clear that the customer-suit exception does not apply. Critically, Ruiz Foods is not a mere reseller of an infringing product.[3] Ruiz Foods is a direct infringer of the Patents. A customer, like Ruiz, who utilizes a

---

[3] In fact, MacroPoint had no need to even mention FourKites in the Complaint because Ruiz Foods is accused of directly infringing MacroPoint's Patents. [*See* ECF No. 1 at pp. 6-9; 11-14].

11

product as part of its own services, rather than simply reselling the product, directly infringes the patent. *See Innovative Automation, LLC*, 2012 U.S. Dist. LEXIS 114503 at *42-43. In this case, Ruiz Foods is directly infringing the Patents in violation of 35 U.S.C. § 271 by monitoring the locations of a vehicle or freight carried by a vehicle, and providing notice and receiving consent to obtain location information for shipments that are made at least from Ruiz Foods' facility in Denison, Texas. As Ruiz Foods is not a party to the Ohio declaratory judgment action, the disposition of the case in Ohio would not resolve questions of direct infringement by Ruiz Foods in the Texas case. Thus, it is plain that the customer-suit exception does not apply.

    2.   A Discretionary Stay Should be Denied.

  A discretionary stay also is not appropriate. The patents at issue in MacroPoint's appeal of the prior Ohio case in the Federal Circuit are not the same patents at issue in the present case. In fact, the '358 Patent has no familial relationship whatsoever to any of the prior patents at issue. And, while the '659 Patent is related to those patents, the claims of the '659 Patent are distinct and independent of the other patent claims. The '659 Patent is still considered valid even if patents related to it are not. *See*, 35 U.S.C. § 282 ("A patent shall be presumed valid. Each claim of a patent (whether in independent, dependent, or multiple dependent form) shall be presumed valid independently of the validity of other claims . . . ").

  Moreover, this Court has already issued a Scheduling Order setting the dates for the *Markman* hearing and the trial. This case is proceeding and there is no just reason to delay it pending resolution of MacroPoint's appeal in the prior Ohio case, especially because any decision from the appeal will not be determinative of the validity or infringement of the Patents in this case. Accordingly, there is no reason to stay the proceedings pending the decision in the Federal Circuit, and this Court should deny Ruiz Foods' motion to stay this action.

**IV.     CONCLUSION**

For all of the foregoing reasons, MacroPoint respectfully requests that Ruiz Foods' Motion to Transfer, or in the Alternative, Stay Pending Related Litigation be denied.

| | |
|---|---|
| Date:  December 12, 2016 | Respectfully submitted, |

_____
Michael C. Smith (TX #18650410)
**SIEBMAN, BURG, PHILLIPS & SMITH, LLP**
113 East Austin Street
P.O. Box 1556
Marshall, TX 75671
Telephone: (903) 938-8900
Facsimile: (972) 767-4620
michaelsmith@siebman.com

Arthur P. Licygiewicz (OH #0068458)
Wayne M. Serra (OH #0074780)
**THOMPSON HINE LLP**
3900 Key Center
127 Public Square
Cleveland, Ohio 44114
Telephone:  (216) 566-5500
Facsimile:  (216) 566-5800
Art.Licygiewicz@thompsonhine.com
Wayne.Serra@thompsonhine.com

*Attorneys for Plaintiff*
*MacroPoint, LLC*

## **CERTIFICATE OF SERVICE**

The undersigned hereby certifies that all counsel of record who are deemed to have consented to electronic service are being served with a copy of this document via the Court's CM/ECF system per Local Rule CV-5(a)(3) on this 12th day of December, 2016.

_____
Michael C. Smith