IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | | |
|---|---|---|
| MACROPOINT, LLC, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 6:16-cv-01133-RWS-KNM |
| | § | |
| RUIZ FOOD PRODUCTS, INC. | § | |

**ORDER**

MacroPoint, LLC ("MacroPoint" or "Plaintiff") asserts infringement of U.S. Patent Nos. 9,429,659 ("the '659 patent") and 8,275,358 ("the '358 patent"). Before the Court is Ruiz Food Products' ("Ruiz", "Ruiz Foods", or "Defendant") § 1404 Motion to Transfer or Alternatively, to Stay Pending Related Litigation. Doc. No. 13.

The Court **DENIES** Ruiz's Motion to Transfer. Doc. No. 13. The Court further **DENIES as Moot** Ruiz's Request to Stay Pending Related Litigation. Doc. No. 13.

**BACKGROUND**

On August 30, 2016, MacroPoint filed the instant suit against Ruiz for infringement of the '659 Patent and the '358 Patent. Ruiz filed a Motion to Transfer to the Northern District of Ohio, or, Alternatively, to Stay Pending Resolution of Related Litigation. Doc. No. 13.

On May 22, 2017, the Supreme Court decided *TC Heartland v. Kraft Foods*. 137 S. Ct. 1514, 1519 (2017). The Court subsequently ordered the parties to file supplemental briefing addressing the effect, if any, of the *TC Heartland* decision on Ruiz's pending Motion to Transfer Venue, and any need for jurisdictional discovery. Doc. No. 50. Before the Court is the fully briefed § 1404 Motion to Transfer Venue and Supplemental Briefing. Docs. No. 13; 24; 25; 51, 52.

MacroPoint is an Ohio limited liability company with its principal place of business in

1

Cleveland, Ohio. Doc. No. 1 at 2. Ruiz is a California corporation with its headquarters in Dinuba, California. Doc. No. 13 at 3. Ruiz also maintains a facility in Denison, TX, which is in the Eastern District of Texas. *Id.* at 2. FourKites, which sells the allegedly infringing products to Ruiz, is a Delaware corporation with its principal place of business in Chicago, Illinois. *Id.* at 4.

## APPLICABLE LAW

### I. Venue Transfer Under 28 U.S.C. § 1404(a)

For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought or to any district or division to which all parties have consented. 28 U.S.C. § 1404(a). The threshold question for a motion to transfer venue is whether the transferee judicial district "would have been a district in which the claim could have been filed." *In re Volkswagen AG* (*Volkswagen I*), 371 F.3d 201, 203 (5th Cir. 2004). If this threshold is met, the court will balance private and public factors relating to the convenience of transferring venue, and the interests of the original and transferee venues in hearing the case. *See In re Nintendo Co., Ltd.*, 589 F.3d 1194, 1198 (Fed. Cir. 2009).

The private factors are: (1) the relative ease of access to sources of proof; (2) the availability of compulsory process to secure witness attendance; (3) the cost of attendance for willing witnesses; and (4) all other practical problems that make trial of a case easy, expeditious, and inexpensive. *Volkswagen I*, 371 F.3d at 203. The public factors are: (1) the administrative difficulties caused by court congestion; (2) the forum's interest in having localized interests decided at home; (3) the forum's familiarity with the law that will govern the case; and (4) the avoidance of unnecessary problems of conflict of laws of the application of foreign law. *Id.*

No single factor is dispositive. *Id.* A case should be transferred only if the transferee forum

is clearly more convenient than the original forum. *In re Volkswagen of Am., Inc.* (*Volkswagen II*), 545 F.3d 304, 315 (5th Cir. 2008) (en banc).

## **DISCUSSION**

I.   **Transfer Under 28 U.S.C. § 1404**

Although Ruiz's original § 1404 Motion to Transfer requested transfer to the Northern district of Ohio, its supplemental brief conceded that "*TC Heartland* appears to have rendered that district an improper venue. . . ." Doc. No. 51 at 1. Ruiz modifies its request to transfer this case to the Eastern District of California. *Id.* The Court thus analyzes this modified request.

*i.   Threshold Factor*

Because Ruiz is incorporated in California, this action could have originally been brought in the Eastern District of California, under the first prong of the patent venue statute. Thus, the threshold factor for transfer is satisfied.

*ii.   Private Interest Factors*

(a)   Relative Ease of Access to Sources of Proof

The first private factor is the relative ease of access to sources of proof in each district. *See In re Volkswagen of Am., Inc.*, 545 F.3d 304, 315 (5th Cir. 2008) (en banc). Notwithstanding technological advances in the transportation of electronic documents, "the Court must consider the actual location of documents and physical evidence." *Nobel Biz, Inc. v. Glob. Connect, LLC*, 2013 WL 12171139, at *3 (E.D. Tex. Mar. 28, 2013) (citing *Volkswagen II*, 545 F.3d at 316). Moreover, because this is a patent infringement case, the Court assumes that most of the relevant proof will come from the accused infringer. *In re Genentech, Inc.*, 566 F.3d 1338, 1345 (Fed. Cir. 2009) (citation omitted).

Ruiz states that the Eastern District of California "is the location of its witnesses,

documents, and things." Doc. No. 51 at 10. MacroPoint responds that "there are sources of proof in this judicial district" and that "[a]t least some responsive information from Defendant would come from the Denison facility, where freight shipments occur." Doc. No. 52 at 10.

To meet its burden under this factor, a "movant must identify sources of proof with enough specificity that a court can determine whether transfer will increase the convenience of the parties." *J2 Glob. Commc'ns, Inc. v. Proctus IP Solutions, Inc.*, 2009 WL 440525, at *2 (E.D. Tex. Feb. 20, 2009). "General statements fail to show that transfer would make access to sources of proof either more or less convenient for the parties." *Id.* Neither party has offered any "specific examples of documents or other evidence" either in the Eastern District of Texas, or in the Eastern District of California. *MacroSolve, Inc. v. GEICO Ins. Agency, Inc.*, No. 6:12-cv-00074-MHS-JDL, 2013 WL 12147664, at *3 (E.D. Tex. July 16, 2013) ("While MacroSolve indicates that it possesses 300,000 documents in Tulsa, it fails to specify how any of the documents may be relevant to the litigation. The Court declines to speculate as to their relevance and materiality and therefore the location of these documents will be discounted."); *Invitrogen Corp. v. Gen. Elec. Co.*, No. 6:08-cv-113, 2009 WL 331889, at *2 (E.D. Tex. Feb. 9, 2009) ("[O]ther than generally referring to documents, [the defendants]f have not identified any specific evidence, physical or otherwise.").

These general statements fail to show that transfer would make access to sources of proof either more or less convenient for the parties. *Cf.*, *Landmark Tech., LLC v. Ann Inc.*, No. 6:12-cv-672-MHS-JDL, 2013 WL 3354451, at *2 (E.D. Tex. July 1, 2013) (concluding that this factor favors transfer where the defendant asserted that "the source code and technical documents related to the accused websites are housed in its offices in New York and Connecticut").

Because both parties' identification of sources of proof is at best, tenuous, this factor is neutral.

(b)  Availability of Compulsory Process

The second private interest factor is the availability of compulsory process to secure the attendance of witnesses, particularly non-party witnesses. *In re Volkswagen of Am., Inc.*, 545 F.3d 304, 304 (5th Cir. 2008) (en banc). This factor will weigh more heavily in favor of transfer when more non-party witnesses reside within the transferee venue. *Id.*

Ruiz identifies two former employees as Baust and Angelo, "who may have discoverable information" and who are "believed to reside in the Eastern District of California." Doc. No. 51 at 10. MacroPoint responds that of all forty-three of Ruiz's freight carriers and brokers who are likely to be third-party witnesses, only six of them are in the Eastern District of California. Doc. No. 52 at 11. MacroPoint also highlights the speculative nature of Ruiz's assertions.

First, Ruiz does not indicate that "any of [these witnesses] would be unwilling to testify at trial." *Invitrogen Corp. v. Gen. Elec. Co.*, No. 6:08-cv-113, 2009 WL 331889, at *3 (E.D. Tex. Feb. 9, 2009). Second, Ruiz does not concretely identify the location of Baust and Angelo. *Core Wireless Licensing, S.A.R.L. v. Apple, Inc.*, No. 6:12-cv-100-LED-JDL, 2013 WL 682849, at *3 (E.D. Tex. February 22, 2013) ("The Court gives more weight to those specifically identified witnesses and affords less weight to vague assertions that witnesses are likely located in a particular forum.").

Third, Ruiz does not allege that either Baust or Angelo has relevant information, or that either of them would be called at trial. *LifeScreen Sciences LLC v. Cordis Corp.*, No. 6:13-cv-091, 2014 WL 12597420, at *4 (E.D. Tex. Mar. 28, 2014) (noting that where the defendant characterized the specifically identified third-party witnesses as merely "potential third-party witnesses", this factor was neutral because the defendant "has not alleged that [the third-party witnesses] possess any information relevant to the instant patent infringement action, or that they

5

would actually be called at trial"); *J2 Glob. Commc'ns, Inc. v. Proctus IP Sols., Inc.*, No. 6:08-cv-211, 2009 WL 440525, at *7 (E.D. Tex. Feb. 20, 2009) ("Defendants have not shown that these four witnesses are of critical importance, or even that their testimony is more important than the witness that this Court would have subpoena power over.").

Because Ruiz has done no more than speculate that it its two witnesses "may have" relevant information and are "believed to" reside in the Eastern District of California, this factor is neutral.

(c) <u>Cost of Attendance for Willing Witnesses</u>

The third private interest factor is the cost of attendance for willing witnesses. *In re Volkswagen AG*, 371 F.3d 201, 203 (5th Cir. 2004). This factor is generally the single most important factor in a transfer analysis. *See In re Genentech, Inc.*, 566 F.3d 1338, 1343 (Fed. Cir. 2009) (quoting *Neil Bros. Ltd. v. World Wide Lines, Inc.*, 425 F. Supp. 2d 325, 329 (E.D.N.Y. 2006)). Although this factor considers the convenience of both party and non-party witnesses, the court affords more importance to the convenience of non-party witnesses. *Phoenix Licensing, L.L.C. v. Gen. Motors, LLC*, No. 2:13-cv-1093-JRG-RSP, 2015 WL 1431906, at *2 (E.D. Tex. Mar. 30, 2015). The Fifth Circuit has established a "100-mile rule" to analyze the cost of attendance for willing witnesses.

When the distance between the original venue and the transferee venue is more than 100 miles, a court determines the respective distances between the residences (or workplaces) of all the identified material and relevant witnesses and the transferor and transferee venues. *In re Volkswagen of Am., Inc.*, 545 F.3d 304, 317 (5th Cir. 2008) (en banc).

The rule favors transfer (with different degrees) if the transferee venue is a shorter average distance from the witnesses than the transferor venue. *Id.*

Because the federal courthouses in Tyler and Fresno are over 100 miles apart,[1] the 100-mile rule applies.

Ruiz does not discuss this factor—the single most important factor—except for generally stating that the remaining private and public transfer factors are, at best, neutral. *See* Doc. No. 51 at 10. MacroPoint responds that the Eastern District of Texas is far more convenient for thirty of the forty-three carriers, for non-party FourKites (headquartered in Illinois, which is closer to Tyler than to Fresno), and for the non-party prosecuting attorneys (who reside in Ohio, which is also closer to Tyler than to Fresno). Doc. No. 52 at 11.[2]

Even assuming that the Eastern District of California is more convenient for Ruiz's two former employees, Baust and Angelo (which, Ruiz itself has not alleged), MacroPoint has identified at least three non-party witnesses, who live closer to Texas than they do to California. Accordingly, this factor weighs against transfer.

      (c)      <u>All Other Practical Problems</u>

The fourth private interest factor encompasses all other practical problems that make trial of a case easy, expeditious, and inexpensive. *In re Volkswagen AG*, 371 F.3d 201, 203 (5th Cir. 2004). Both parties agree that this factor is neutral. *See* Doc. No. 51 at 10; Doc. No. 52 at 12.

---

[1] *See* Google Maps, http://www.google.com/maps/ (using 211 W Ferguson Street, Tyler, TX 75702 as the starting point and 2500 Tulare Street, Fresno, CA 93721 as the destination) (providing two alternate routes of 1,654 miles and 1,676 miles respectively).

[2] *See* Google Maps, http://www.google.com/maps/ (using 6050 Oak Tree Blvd., Independence, OH 44131 as the starting point and 211 W Ferguson Street, Tyler, TX 75702 as the destination) (providing two alternate routes of 1,152 miles and 1,119 miles respectively); Google Maps, http://www.google.com/maps/ (using 6050 Oak Tree Blvd., Independence, OH 44131 as the starting point and 2500 Tulare Street, Fresno, CA 93721 as the destination) (providing a route of 2,469 miles).

    Google Maps, http://www.google.com/maps/ (using 6033 N. Sheridan Rd., Chicago, IL 60660 as the starting point and 211 W Ferguson Street, Tyler, TX 75702 as the destination) (providing two alternate routes of 917 miles and 911 miles respectively); Google Maps, http://www.google.com/maps/ (using 6033 N. Sheridan Rd., Chicago, IL 60660 as the starting point and 2500 Tulare Street, Fresno, CA 93721 as the destination (providing two alternate routes of 2,151 miles and 2,261 miles respectively).

      *iii.*     *Public Interest Factors*

      (a)     <u>Administrative Difficulties Flowing From Court Congestion</u>

The first public interest factor is the administrative difficulties flowing from court congestion. *Id.* The parties agree that this factor is neutral. Doc. No. 51 at 10; Doc. No. 52 at 11.

      (b)     <u>Interest in Having Localized Interests Decided at Home</u>

The second public interest factor is the interest in having localized interests decided at home. *Volkswagen I*, 371 F.3d at 203. Ruiz notes that its headquarters and 300,000 square foot manufacturing facility is in Dinuba, CA. Doc. No. 51 at 10. Ruiz argues that this presence creates a stronger local interest in adjudicating this matter in the Eastern District of California vis-à-vis the Eastern District of Texas. *Id.* MacroPoint responds that Ruiz has approximately equally sized manufacturing facilities in both jurisdictions, and this factor is "balanced, and thus does not favor transfer." Doc. No. 52 at 11–12. MacroPoint's attached exhibit shows that Ruiz's Denison, TX facility employs 1,100 of the 2,500 total employees of Ruiz. Doc. No. 52-1, Ex. B.

The local interest factor is strong when it calls the reputation of several individuals who reside or conduct business in the community into question. *See In re Hoffman-LaRoche, Inc.*, 587 F.3d 1333, 1336 (Fed. Cir. 2009). The location of a company's headquarters, executives, inventors, and facilities are all material to analyzing this factor. *See Adaptix, Inc. v. HTC Corp.*, 937 F. Supp. 2d 867, 878 (E.D. Tex. 2013).

On the one hand, Ruiz has a 300,000 square foot manufacturing facility in Dinuba, CA. Doc. No. 51 at 10. On the other hand, Ruiz's Denison, TX facility employs 1,100 of its total 2,500 employees. Doc. No. 52-1, Ex. B. Ruiz is also the fourth-largest employer in the Denison, TX area. *Id.*

Thus, although Ruiz is headquartered in the Eastern District of California, nearly half of

its work force is in the Eastern District of Texas. This factor is, at best, neutral.

### (c) Familiarity of the Forum with the Governing Law

The third public interest factor is the familiarity of the forum with the law that will govern the case. *In re Volkswagen AG*, 371 F.3d 201, 203 (5th Cir. 2004). Because the judges in both forums are familiar with federal patent law, this factor is neutral. *Astute Tech., LLC v. Learner's Digest Int'l. LLC*, Case No. 2:12-cv-689-WCB, 2014 WL 12596468, at *10 (E.D. Tex. April 28, 2014).

### (d) Avoidance of Unnecessary Problems of Conflict of Laws

The fourth public interest factor is the avoidance of unnecessary problems of conflict of laws of the application of foreign law. *In re Volkswagen AG*, 371 F.3d 201, 203 (5th Cir. 2004). Both parties agree that this factor is neutral. Doc. No. 51 at 10; Doc. No. 52 at 12.

On balance, Defendant has failed to show that the Eastern District of California is clearly more convenient than the Eastern District of Texas. The cost of attendance for wiling witnesses—the most important factor—weighs against transfer, while the remaining private interest factors are neutral. All public interest factors are neutral. Accordingly, the Court **DENIES** Ruiz's request to transfer to the Eastern District of California. Doc. No. 51.

## II. Ruiz's Request to Stay Pending Related Litigation

In its original Motion to Transfer Venue, Ruiz alternatively requests a stay of this case pending resolution of related litigation. The related litigation refers to two cases. The first case is *Macropoint, LLC v. FourKites, Inc.* No. 1:15-cv-1002 at Doc. No. 1 (N.D. Ohio May 9, 2015). In this case, the Northern District of Ohio invalidated five of MacroPoint's patents (that are not at issue in this case) under 35 U.S.C. § 101. *Macropoint, LLC v. FourKites, Inc.*, No. 1:15-cv-1002 at Doc. No. 25, 2015 WL 6870118 (N.D. Ohio May 9, 2015). The Federal Circuit affirmed.

9

*MacroPoint, LLC v. FourKites, Inc.*, 671 Fed. App'x. 780 (Fed. Cir. 2016) (mem.).

The second case is *FourKites, Inc. v. MacroPoint, LLC*, in which FourKites sued MacroPoint for declaratory judgment of non-infringement and invalidity regarding the same two patents that are at issue in the instant case. No. 1:16-cv-2703 at Doc. No. 1 (N.D. Ohio Nov. 4, 2016). FourKites voluntarily dismissed the action on June 26, 2017. *Id.* at Doc. No. 19.

Because both cases have been resolved through appeal or dismissal, the Court denies Ruiz's Request to Stay as moot.

### III. Ruiz's Additional Arguments

For the first time, in its supplemental brief, Ruiz argues for dismissal based on improper venue and for transfer under 28 U.S.C. § 1406.[3] The Court very clearly ordered supplemental briefing regarding the effect of *TC Heartland* on the pending Motion to Transfer or, in the Alternative, Stay Pending Related Litigation. Doc. No. 50. Because these arguments exceed the scope of the requested supplemental briefing, and because they have no impact on the pending Motion to Transfer Venue under § 1404, the Court will not address them.

### CONCLUSION

The Court **DENIES** Defendant's Motion to Transfer under § 1404. Doc. No. 13. The Court further **DENIES as moot** Ruiz's Request to Stay Pending Related Litigation. Doc. No. 13.

So ORDERED and SIGNED this 29th day of August, 2017.

_____
K. NICOLE MITCHELL
UNITED STATES MAGISTRATE JUDGE

---

[3] Under 28 U.S.C. § 1406, if a venue in a district or division is improper, the district court may either dismiss the case, or transfer the case to a proper district or division.

10